IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CR No. 3:03-729-CMC |
| v. | **OPINION and ORDER** |
| Curtis Antonio Reese, | |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion for relief filed in this court pursuant to 28 U.S.C. § 2255. ECF No. 84. Defendant seeks relief pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).[1]

Defendant's motion is a second or successive motion for relief under 28 U.S.C. § 2255.[2] Section 2255 permits a second or successive motion to be authorized by the appropriate Court of Appeals if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. " 28 U.S.C. §§ 2255(h)(1), (2).

Prior to filing a second or successive petition under § 2255, Defendant must obtain

---

[1] Defendant was not sentenced pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Rather, he received a mandatory minimum sentence of life pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. Additionally, while Defendant was determined to be a career offender under the sentencing guidelines, both of his qualifying predicate offenses were drug offenses, not crimes of violence, and therefore his status as a career offender would not be impacted by the *Johnson* ruling.

[2] Defendant filed a previous § 2255 motion on November 30, 2005. The motion was dismissed with prejudice as untimely filed.

1

certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The requirement of filing a motion in the Fourth Circuit Court of Appeals for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. Accordingly, this motion is dismissed as this court is without jurisdiction to consider it.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 27, 2015

---

[3] In the alternative, Defendant seeks to proceed under 28 U.S.C. § 2241. Defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (*en banc*). It is only when a § 2255 motion "proves inadequate or ineffective to test the legality of detention," that a federal prisoner may pursue habeas relief under § 2241. *See id.* (alteration and internal quotation marks omitted). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." *Id.* at 1194 n.5.
> More specifically, § 2255 is inadequate and ineffective-and § 2241 may be utilized-when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. None of the above circumstances applies to Defendant. Accordingly, any attempt to proceed under § 2241 is futile.